UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-22977-UU

WINDY LUCIUS,

    Plaintiff,

v.

CICI ENTERPRISES, LP,

    Defendant/Third-Party Plaintiff,

v.

PUNCHH INC.

    Third-Party Defendant.

_____/

## CICIS'S THIRD PARTY COMPLAINT

Defendant/Third-Party Plaintiff, CICI ENTERPRISES, LP ("Cicis"), hereby files this Third-Party Complaint against PUNCHH INC. ("Punchh") pursuant to Federal Rules of Civil Procedure 14(a)(1) and 18(a) and states as follows:

### PARTIES

1. Cicis is a Delaware limited partnership with its principal place of business in Dallas County, Texas.

2. Punchh is a Delaware corporation with its principal place of business in San Mateo County, California.

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over Cicis's third-party claims pursuant

to § 28 U.S.C. § 1332 because Cicis is diverse in citizenship to Punchh and there is more than $75,000 in controversy, exclusive of interest and costs. The Court also has supplemental jurisdiction over Cicis's third-party claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Cicis's claims occurred in this judicial district.

5. This Court has personal jurisdiction over Punchh pursuant to Florida's long-arm statute, section 48.193, Florida Statutes, because Punchh (a) caused injury to persons or property within Florida arising out of an act or omission by Punchh outside Florida, while engaging in solicitation or service activities within Florida and/or while products, materials, or things processed, serviced, or manufactured by Punchh were used or consumed within Florida in the ordinary course of commerce, trade, or use; and (b) was and/or is engaged in substantial and not isolated activity within the state of Florida and has purposely availed itself of Florida's laws, such that it could reasonably anticipate being hailed into court in the state of Florida.

## GENERAL ALLEGATIONS

6. This litigation arises from a mobile application created by Punchh for Cicis's use (the "Mobile App").

7. Punchh created the Mobile App for Cicis pursuant to a services agreement entered into between Punchh and Cicis on March 31, 2015 (the "Services Agreement"). A renewal and extension of the Services Agreement ("Order #2") was entered into between the parties on January 20, 2019. A true and correct copy of the Services Agreement and Order #2 (collectively hereinafter the "Punchh Agreements") are attached hereto as **Exhibit "A."**

8. Pursuant to the Punchh Agreements, Punchh developed the Mobile App for Cicis's use and distribution to Cicis's customers, but retained ownership over the Mobile App

and its software. Cicis is/was a licensee of the Mobile App.

9. By the express terms of the Punchh Agreements, Punchh represented and warranted that it would create the Mobile App "in compliance with all applicable laws and regulations."

10. Since the inception of the Punchh Agreements and in exchange for Punchh's services, Cicis paid Punchh approximately $120,000 in setup and installation fees and over $25,000 per month for ongoing use of the mobile application.

11. On July 20, 2020, Plaintiff Windy Lucius ("Lucius") filed a Complaint against Cicis in the Southern District of Florida, Miami Division, alleging that Cicis's violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"). (D.E. 1.) A true and correct copy of Lucius's Complaint is attached hereto as **Exhibit "B,"** and the allegations contained within are incorporated into Cicis's Third Party Complaint by reference.

12. Lucius's Complaint alleges that she is bringing a lawsuit against Cicis "for offering and maintaining a mobile application (software that is intended to run on mobile devices such as phones or table [sic] computers) that is not fully accessible and independently usable by visually impaired customers," in violation of the ADA.

13. The mobile application that is the subject of Lucius's lawsuit is the same Mobile App created for Cicis by Punchh pursuant to the Punchh Agreements.

14. Specifically, Lucius alleges that she is legally blind, and uses VoiceOver screen reader software to access mobile application content. She alleges that Cicis's Mobile App did not integrate with Lucius's screen reader software, nor was there any function within the Mobile App to permit access for visually impaired individuals through other means. Lucius alleges that she was denied the full use and enjoyment of the goods and services available on Cicis's Mobile

App because of access barriers on the Mobile App.

15. Lucius alleges that by failing to adequately design and program its Mobile App to accurately and sufficiently integrate with VoiceOver screen reader software, Cicis discriminated against her and others with visual impairments on the basis of their disability in violation of the ADA.

16. Lucius is pursuing declaratory judgment on behalf of herself and all others similarly situated, seeking a declaration that Cicis was in violation of the ADA as well as a permanent injunction requiring Cicis to take all steps necessary to bring the Mobile App into full compliance with the ADA. Lucius also demands payment of all costs and reasonable attorney's fees associated with pursuing her lawsuit against Cicis.

17. Cicis notified Punchh of Lucius's lawsuit against Cicis, and asked Punchh to remediate any issues with the Mobile App and to ensure its compliance with the ADA. In response, Punchh demanded in excess of $25,000 for ADA-related work on the Mobile App, but refused to provide assurances as to its compliance with the ADA.

18. Because Punchh owns the Mobile App and its software, Cicis's is being held hostage by Punchh and may be forced to pay Punchh the additional demanded funds for ADA-related work that may or may not ensure the Mobile App's compliance with the ADA. Terminating the Punchh Agreements will cause Cicis to incur additional costs associated with retaining a new vendor to start from scratch in designing Cicis a mobile application that is compliant with all applicable laws and regulations. These additional costs will far exceeded the amounts demanded by Punchh. By asking Punchh to remediate any alleged issues with the Mobile App Punchh created, Cicis has made a good faith attempt to mitigate potential damages recoverable under this Third Party Complaint.

19. All conditions precedent to bringing this action have been satisfied by Cicis or have been waived by Punchh.

20. The Proposed Scheduling Order Setting Civil Trial Date and Pretrial Schedule submitted to the Court on August 20, 2020, and agreed upon by both Plaintiff Windy Lucius ("Lucius") and Cicis, expressly contemplates joining additional parties in this lawsuit until October 19, 2020. (D.E. 10.)

## COUNT I
## COMMON LAW INDEMNIFICATION

21. Cicis realleges and incorporates paragraphs 1 through 20 above as if fully set forth herein.

22. The Punchh Agreements between Cicis and Punchh formed a legal and special relationship between those two parties that existed prior to any alleged non-compliance with the ADA. Pursuant to this relationship, Punchh was solely responsible for creating a mobile application for Cicis.

23. Because Punchh created the Mobile App that is the subject of Lucius's lawsuit against Cicis, all or part of Lucius's claimed damages resulting from alleged defects or deficiencies with the Mobile App are solely attributable to Punchh.

24. Cicis neither caused nor contributed to the damages claimed by Lucius and is wholly without fault in causing Lucius's alleged damages.

25. Cicis neither knew nor should have known of any non-compliance with applicable laws or regulations, including the ADA, prior to Lucius's lawsuit against Cicis. Cicis justifiably relied on the express representations and warranties of Punchh.

26. Cicis's liability, if any, to Lucius based on Punchh's work on the Mobile App would be vicarious, constructive, derivative, or technical, and, if proven, could only be based on

the wrongful acts or omissions of Punchh.

27. Accordingly, if it is determined that Lucius should recover damages against Cicis resulting from Punchh's work on the Mobile App, then Punchh should be required to indemnify Cicis for all amounts for which Cicis may be liable to Lucius, including any damages, costs, attorney's fees, or any other sums assessed against Cicis.

WHEREFORE, Cicis respectfully requests that in the event judgment is entered against Cicis and in favor of Lucius, this Court enter judgment in favor of Cicis and against Punchh in the amount of any judgment entered against Cicis, and that Cicis be awarded its attorney's fees, interest, the costs associated with this lawsuit, the amounts paid to Punchh pursuant to the Punchh Agreements, and any other relief the Court finds just and proper.

## COUNT II
## CONTRACTUAL INDEMNIFICATION

28. Cicis realleges and incorporates paragraphs 1 through 20 above as if fully set forth herein.

29. The Punchh Agreements between Cicis and Punchh formed a legal contractual relationship between those two parties that existed prior to any alleged non-compliance with the ADA. Pursuant to this relationship, Punchh was solely responsible for creating a mobile application for Cicis.

30. Under the heading "Indemnification," Section 8.1 of the Services Agreement states:

> Each party (an ***"Indemnifying Party"***) shall indemnify, defend and hold the other party, its affiliates and each of its officers, directors, employees and agents harmless from any and all claims or damages incurred or suffered by such party arising out of, or in connection with any third party claim based upon or arising out of or alleging facts constituting any breach of this Agreement by the Indemnifying Party or the Indemnifying Party's gross negligence or willful misconduct.

**Ex. A** ¶ 8.1.

31. Pursuant to this provision, Punchh agreed to contractually indemnify, defend, and hold Cicis harmless against any and all claims or damages incurred by Cicis arising out of, or in connection with, any third party claim based upon or arising out of Punchh's breach of the Punchh Agreements.

32. In Section 7.2 of the Services Agreement, Punchh expressly agreed, warranted, promised, and represented to Cicis that it would create a mobile application "in compliance with all applicable laws and regulations."

33. The ADA and the regulations promulgated thereunder are laws and regulations that Lucius alleges apply to the mobile application Punchh created for Cicis.

34. Lucius has alleged that she was damaged when she was unable to use the Mobile App, and that her damages were the result of Cicis's Mobile App's non-compliance with the ADA.

35. Without admitting the allegations asserted by Lucius, Cicis seeks to enforce its contractual indemnity rights against Punchh.

36. If Lucius's allegations are determined to be true, Punchh breached the Services Agreement, specifically Section 7.2 in which Punchh expressly represented and warranted that it would create a mobile application "in compliance with all applicable laws and regulations." Lucius's lawsuit is based upon, or arises out of, Punchh's breach of contract.

37. If Lucius's allegations are determined to be true, Punchh is required under the Punchh Agreements to indemnify Cicis for all amounts for which Cicis may be liable to Lucius, including any damages, costs, attorney's fees, or any other sums assessed against Cicis.

WHEREFORE, Cicis respectfully requests that in the event judgment is entered against

Cicis and in favor of Lucius, this Court enter judgment in favor of Cicis and against Punchh in the amount of any judgment entered against Cicis, and that Cicis be awarded its attorney's fees, interest, the costs associated with this lawsuit, the amounts paid to Punchh pursuant to the Punchh Agreements, and any other relief the Court finds just and proper.

## COUNT III
## BREACH OF CONTRACT

38. Cicis realleges and incorporates paragraphs 1 through 20 above as if fully set forth herein.

39. Cicis and Punchh entered into a valid and binding written contract—the Punchh Agreements.

40. In Section 7.2 of the Services Agreement, Punchh expressly "represent[ed] and warrant[ed] that . . . its services will be performed in a good and workmanlike manner and in compliance with all applicable laws and regulations . . . ."

41. Cicis adequately performed its obligations under the Punchh Agreements and did not otherwise breach the Punchh Agreements.

42. If Lucius's allegations are determined to be true, Punchh breached the Punchh Agreements and its express agreement, representation, and warranty that it would create a mobile application for Cicis "in compliance with all applicable laws and regulations."

43. Cicis has suffered damages as a result of Punchh's breach of contract, including (a) damages incurred as a result of Lucius's lawsuit, including the amount of any judgment entered in favor of Lucius and against Cicis, as well as Cicis's own attorney's fees and costs, and (b) the amount necessary to remediate or otherwise correct any alleged defects or deficiencies with the Mobile App related to the application's non-compliance with applicable laws and regulations.

8

WHEREFORE, Cicis demands judgment in its favor and against Punchh for damages incurred as a result of Lucius's lawsuit, including the amount of any judgment entered in favor of Lucius and against Cicis, as well as Cicis own attorney's fees and costs, the amount necessary to remediate or otherwise correct any alleged defects or deficiencies with the Mobile App related to the application's non-compliance with applicable laws and regulations, the amounts paid to Punchh pursuant to the Punchh Agreements, and such other further relief as the Court deems just and proper.

## COUNT IV
## BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

44. Cicis realleges and incorporates paragraphs 1 through 20, and 38 through 43, above as if fully set forth herein.

45. Section 7.2 of the Services Agreement is ambiguous about the permissibility or scope of Punchh's conduct, specifically Punchh's failure or refusal to provide Cicis a mobile application "in compliance with all applicable laws and regulations."

46. If Lucius's allegations are determined to be true, Punchh, through a conscious and deliberate act, failed or refused to discharge its contractual responsibilities under the Punchh Agreements, which unfairly frustrated the Punchh Agreements' purpose and disappointed Cicis's expectations.

47. If Lucius's allegations are determined to be true, Punchh's breach of the Punchh Agreements deprived Cicis of the Punchh Agreements' benefits, specifically a mobile application that complied with all applicable laws and regulations.

48. Cicis has suffered damages as a result of Punchh's breach, including (a) damages incurred as a result of Lucius's lawsuit, including the amount of any judgment entered in favor of

9

Lucius and against Cicis, as well as Cicis's own attorney's fees and costs, and (b) the amount necessary to remediate or otherwise correct any alleged defects or deficiencies with the Mobile App related to the application's non-compliance with applicable laws and regulations.

WHEREFORE, Cicis demands judgment in its favor and against Punchh for damages incurred as a result of Lucius's lawsuit, including the amount of any judgment entered in favor of Lucius and against Cicis, as well as Cicis's own attorney's fees and costs, the amount necessary to remediate or otherwise correct any alleged defects or deficiencies with the Mobile App related to the application's non-compliance with applicable laws and regulations, the amounts paid to Punchh pursuant to the Punchh Agreements, and such other further relief as the Court deems just and proper.

## COUNT V
## NEGLIGENT MISREPRESENTATION

49. Cicis realleges and incorporates paragraphs 1 through 20 above as if fully set forth herein.

50. Punchh induced Cicis to enter into the Punchh Agreements by expressly representing and warranting to Cicis within the Punchh Agreements that the mobile application Punchh would create for Cicis would be compliant with all applicable laws and regulations.

51. Punchh made the foregoing representations to Cicis on March 31, 2015, and again on January 7, 2019, by way of the Punchh Agreements.

52. Cicis would not have entered into the Punchh Agreements with Punchh, or made payments to Punchh pursuant to the Punchh Agreements, but for Punchh's express representations and warranties to Cicis that the mobile application Punchh would create for Cicis would be compliant with all applicable laws and regulations.

53. If Lucius's allegations are determined to be true, Punchh's representations to

Cicis was false.

54. If Punchh's representations were false, as alleged by Lucius, Punchh made the foregoing representations without knowledge as to the truth or falsity of the representations or under circumstances in which Punchh should have known of the representations' falsity (considering Punchh was the sole creator of the Mobile App).

55. Punchh made the foregoing representations intending for Cicis to rely on the representations and to induce Cicis to act on the representations, specifically, to induce Cicis to enter into the Punchh Agreements, and to make payments to Punchh pursuant to the Punchh Agreements.

56. Cicis justifiably relied on the foregoing representations, and the representations induced Cicis to enter into the Punchh Agreements, and to make payments to Punchh pursuant to the Punchh Agreements.

57. Cicis has suffered damages as a result of Punchh's negligent misrepresentation, including (a) damages incurred as a result of Lucius's lawsuit, including the amount of any judgment entered in favor of Lucius and against Cicis, as well as Cicis's own attorney's fees and costs, (b) the amount necessary to remediate or otherwise correct any alleged defects or deficiencies with the Mobile App related to the application's non-compliance with applicable laws and regulations, and (c) the amounts paid to Punchh pursuant to the Punchh Agreements.

WHEREFORE, Cicis demands judgment in its favor and against Punchh for damages incurred as a result of Lucius's lawsuit, including the amount of any judgment entered in favor of Lucius and against Cicis, as well as Cicis's own attorney's fees and costs, the amount necessary to remediate or otherwise correct any alleged defects or deficiencies with the Mobile App related to the application's non-compliance with applicable laws and regulations, the amounts paid to

Punchh pursuant to the Punchh Agreements, and such other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant/Third-Party Plaintiff, CICI ENTERPRISES, LP, demands a trial by jury on all issues so triable.

**DATED** this 1st day of October, 2020.

Respectfully submitted,

*/s/ William J. Judge, Jr.*
William J. Judge, Jr. (FBN 426296)
Ryan J. Leuthauser (FBN 99517)
HILL WARD HENDERSON
3700 Bank of America Plaza
101 E. Kennedy Blvd.
Tampa, FL 33602
Phone: (813) 221-3900
Fax:   (813) 221-2900
william.judge@hwhlaw.com
ryan.leuthauser@hwhlaw.com
debra.whitworth@hwhlaw.com
*Attorneys for Defendant CiCi Enterprises, LP*